UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LUCAS ASHENBRENNER,

    Plaintiff,

  v.                              Case No. 19-CV-1098

ANDREW M. SAUL,
**Commissioner of Social Security,**

    Defendant.

---

## DECISION AND ORDER

---

Lucas Ashenbrenner seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying his claim for child's insurance benefits and supplemental security income ("SSI") under the Social Security Act, 42 U.S.C. § 405(g). For the reasons below, the Commissioner's decision is reversed and the case is remanded for further proceedings consistent with this decision pursuant to 42 U.S.C. § 405(g), sentence four.

## BACKGROUND

On July 3, 2013, Ashenbrenner filed an application for child's insurance benefits with a protective filing date of May 21, 2013. (Tr. 26.) Ashenbrenner subsequently filed an application for SSI on July 6, 2013, with a protective filing date of July 3, 2013. (*Id.*) Ashenbrenner alleged disability beginning June 1, 2004 due to bipolar disorder, Asperger's Syndrome, attention deficit hyperactivity disorder ("ADHD"), oppositional defiant disorder, and obsessive-compulsive disorder. (Tr. 258.) Both applications were denied initially and upon reconsideration. (Tr. 26.) Ashenbrenner filed a request for a hearing and a hearing was

held before an Administrative Law Judge ("ALJ") on April 22, 2016. (Tr. 57–91.) Ashenbrenner (represented by counsel) testified at the hearing, as did John Reiser, a vocational expert ("VE"). (Tr. 57.)

In a May 18, 2016 written decision, the ALJ first addressed Ashenbrenner's benefit eligibility date. The ALJ noted that an application for SSI was previously filed on Ashenbrenner's behalf on June 18, 2004. (Tr. 26.) Ashenbrenner was found eligible for SSI on September 10, 2004 and received SSI benefits through April 2013. (*Id.*) Since Ashenbrenner did not appeal the termination of those benefits, the ALJ noted that he could be found eligible for SSI no earlier than July 3, 2013, the protective filing date on his current application. (Tr. 26–27.) The ALJ also noted that Ashenbrenner was granted Title II benefits beginning on June 1, 2004 as an auxiliary beneficiary on his mother's account. (Tr. 26.) Ashenbrenner received Title II child's auxiliary benefits through July 2013, when his benefits terminated upon his attainment of age 18. (*Id.*) Therefore, the ALJ noted that Ashenbrenner could be found disabled for Title II benefits no earlier than July 6, 2013, the day after his Title II child's auxiliary benefits were terminated. (Tr. 27.)

The ALJ found that at all times relevant to the decision, Ashenbrenner had the severe impairments of ADHD, affective disorder, and anxiety disorder. (Tr. 32.) The ALJ then found that from July 3, 2013, Ashenbrenner's protective filing date, through July 5, 2013, when he attained age 18, Ashenbrenner did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (the "listings"). (Tr. 33–37.) Therefore, the ALJ concluded, Ashenbrenner was not disabled prior to attaining age 18. (Tr. 37.)

The ALJ then addressed Ashenbrenner's adult application for SSI. (Tr. 37–46.) The ALJ found that Ashenbrenner continued to have the severe impairments of ADHD, affective disorder, and anxiety disorder since attaining age 18. (Tr. 37.) The ALJ also found that since attaining age 18, Ashenbrenner did not have an impairment or combination of impairments that met or medically equaled the listings. (Tr. 38–39.) The ALJ determined that Ashenbrenner had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following non-exertional limitations: work involving only simple, routine, and repetitive tasks; no fast-paced work; only simple, work-related decisions; occasional workplace changes; and occasional interaction with the public, coworkers, and supervisors. (Tr. 39–45.) After finding that Ashenbrenner had no past relevant work, the ALJ found that given Ashenbrenner's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that he could perform. (Tr. 45–46.) As such, the ALJ found that Ashenbrenner was not disabled from the date he attained age 18 through the date of the decision. (Tr. 46.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Ashenbrenner's request for review. (Tr. 1–6.)

On July 24, 2017, Ashenbrenner sought judicial review of the ALJ's decision. (Tr. 1132–35.) The case was remanded for further proceedings on February 22, 2018. (Tr. 1131.) The Appeals Council issued a remand order instructing the ALJ to, in part, give further consideration to Ashenbrenner's RFC and provide rationale with specific references to record evidence. (Tr. 1123). The Appeals Council noted that the ALJ gave significant weight to the opinions of state agency psychologists Drs. Kyla King and Esther Lefevre, who indicated in Section I of the Mental Residual Functional Capacity Assessment ("MRFCA") that Ashenbrenner had moderate limitations in areas related to social functioning; maintaining

concentration, persistence, or pace; and adaptation. (Tr. 1122–23.) However, the Appeals Court found that Drs. King and Lefevre did not provide the "requisite narrative statement of [Ashenbrenner's] residual functional capacity, and [the ALJ's] decision does not explain how the residual functional capacity finding accommodates their summary conclusions." (Tr. 1123.) For example, the Appeals Council noted, "it is not clear whether the decision's residual functional capacity finding accounts for the opinions that [Ashenbrenner's] low motivation would cause problems maintaining concentration, persistence or pace." (*Id.*) Therefore, the Appeals Council ordered further evaluation of Drs. King and Lefevre's opinions and of Ashenbrenner's RFC on remand. (*Id.*)

Ashenbrenner, represented by counsel, testified at a second hearing before the ALJ on February 1, 2019, along with VE Tobey Andre. (Tr. 1034.) The ALJ rendered a decision on May 29, 2019, once again finding that Ashenbrenner had the severe impairments of ADHD, affective disorder, and anxiety disorder. (Tr. 1039, 1047.) The ALJ further found that, either under the child or adult standards, Ashenbrenner did not have an impairment or combination of impairments that met or medically equaled one of the listings. (Tr. 1041–49.) The ALJ then determined that Ashenbrenner had the RFC to perform a full range of work at all exertional levels, except with non-exertional limitations of "a low stress job, defined as one having only occasional decision making, occasional changes in the work setting, no fast-paced work, and only occasional interaction with supervisors." (Tr. 1049–60.) After finding that Ashenbrenner had no past relevant work, the ALJ found that since attaining age 18, considering Ashenbrenner's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that he could perform. (Tr. 1060–62.)

4

Accordingly, the ALJ concluded that Ashenbrenner was not under a disability from the date he attained age 18 through the date of the decision. (Tr. 1062.)

## ANALYSIS

### 1. *Applicable Legal Standards*

The Commissioner's final decision will be upheld if the ALJ applied the correct legal standards and supported his decision with substantial evidence. 42 U.S.C. § 405(g); *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). Substantial evidence is not conclusive evidence; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schaaf v. Astrue*, 602 F.3d 869, 874 (7th Cir. 2010) (internal quotation and citation omitted). Although a decision denying benefits need not discuss every piece of evidence, remand is appropriate when an ALJ fails to provide adequate support for the conclusions drawn. *Jelinek*, 662 F.3d at 811. The ALJ must provide a "logical bridge" between the evidence and conclusions. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

The ALJ is also expected to follow the SSA's rulings and regulations in making a determination. Failure to do so, unless the error is harmless, requires reversal. *Prochaska v. Barnhart*, 454 F.3d 731, 736–37 (7th Cir. 2006). In reviewing the entire record, the court does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Finally, judicial review is limited to the rationales offered by the ALJ. *Shauger v. Astrue*, 675 F.3d 690, 697 (7th Cir. 2012) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Campbell v. Astrue*, 627 F.3d 299, 307 (7th Cir. 2010)).

## 2. *Application to this Case*

Ashenbrenner argues that, contrary to the Appeals Council's remand directive, the ALJ failed to adequately incorporate the moderate limitations in concentration, persistence, or pace found by the state agency psychologists found in Section I of the MRFCA into the hypothetical question posed to the VE and the RFC. (Pl.'s Br. at 12, Docket # 15.) Ashenbrenner further argues that the ALJ erroneously tried to account for all of his concentration, persistence, or pace limitations by precluding him from fast-paced work. (*Id.* at 8, 12.) Thus, Ashenbrenner contends, remand is required to reassess the state agency psychologists' findings. (*Id.* at 12.)

The Commissioner argues that the ALJ "explained how the RFC assessment accounted for both Section I and Section III of the MRFCAs completed by Drs. King and Lefevre" and that the ALJ was not required to put the Section I ratings themselves in the RFC. (Def.'s Br. at 16–17, Docket # 20.) For example, the Commissioner argues that the ALJ explained how a low stress job, defined as only occasional decision making, occasional changes in the work setting, no fast-paced work, and occasional interaction with supervisors, accommodated the opinions from Drs. King and Lefevre that Ashenbrenner had a moderate limitation in the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. (*Id.* at 15.) The Commissioner also argues that with the restriction of no fast-paced work, the ALJ accounted for Ashenbrenner's moderate limitation in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (*Id.* at 15–16.)

Both Drs. King and Lefevre opined that Ashenbrenner was moderately limited in maintaining social functioning and maintaining concentration, persistence, or pace (i.e., the "paragraph B" criteria of the listings). (Tr. 100, 115.) As to Ashenbrenner's mental RFC assessment, Drs. King and Lefevre both opined in Section I that Ashenbrenner was "moderately limited" in one area of social interaction: the ability to accept instructions and respond appropriately to criticism from supervisors and in two areas of sustained concentration and persistence: the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; and the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (Tr. 102–103, 117.) In Section III of the MRFCA (the narrative portion of the assessment), Drs. King and Lefevre provided that Ashenbrenner "would likely have problems in [concentration, persistence, or pace] as he appears to be quite lacking in motivation and he may have some difficulties responding to others [due to] his past [history] of explosive personality disorder. However, the evidence does not support that he would have any marked limitations in these areas." (Tr. 104, 118.)

The ALJ accorded significant weight to both doctors' opinions. (Tr. 1058.) Given the Appeals Council's specific instruction that the ALJ re-evaluate how Drs. King and Lefevre's summary conclusions are incorporated into Ashenbrenner's RFC, the ALJ stated he was "thoroughly" considering the doctors' opinions and indeed painstakingly recounts both doctors' complete statements of Ashenbrenner's limitations from both Section I and Section III of the MRFCA. (Tr. 1057–58.) The ALJ notes that per the POMS DI 25020.010(B)(1), the findings in Section I of the MRFCA are "merely a worksheet" and that the narrative section

of the MRFCA (Section III) serves as the RFC assessment. (Tr. 1058.) The ALJ agreed with Ashenbrenner's counsel that Section III of Drs. King and Lefevre's opinions failed to provide for all of the deficits marked off in Section I in "vocationally relevant terms"; thus, the ALJ stated that he had "considered both portions of the MRFCA and put those findings into vocationally relevant terms." (*Id.*)

As is well established, the RFC is the most that a claimant can still do despite the claimant's limitations caused by physical and mental impairments. 20 C.F.R. § 404.1545(a)(1). Both the hypothetical question posed to the VE and the ALJ's RFC must incorporate all of a claimant's limitations supported by the record, including moderate limitations in concentration, persistence, or pace. *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019). Although an RFC need not include the exact phrase "concentration, persistence, or pace," any alternative phrasing used by the ALJ should clearly exclude tasks that someone with the claimant's limitations would be unable to perform. *See O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010). Here, the ALJ's attempt to put Drs. King and Lefevre's Section I and Section III findings into "vocationally relevant terms" resulted in an RFC limiting Ashenbrenner to a low stress job, defined as one having only occasional decision making, occasional changes in the work setting, no fast-paced work, and only occasional interaction with supervisors. (Tr. 1049–60.) This attempt fails, however, because the ALJ did not properly incorporate all of the limitations found by the state agency psychologists in both the worksheet and narrative sections of the MRFCA into Ashenbrenner's RFC and the corresponding hypothetical question posed to the VE.

8

While the ALJ thoroughly explains how he translated both the Section I and Section III limitations into Ashenbrenner's RFC, Seventh Circuit precedent counsels against the methodology the ALJ used. As Judge Griesbach aptly explained:

> It is now abundantly clear that under the law of this circuit, the ALJ must include in the RFC, and in the corresponding hypothetical question to the VE, all of the limitations the ALJ finds in the paragraph B criteria at steps 2 and 3 of the sequential evaluation, as well as those in the "summary conclusions" or "worksheet" section of the MRFCA form. It is also clear that under the law of this circuit, "moderately limited" means more than some impairment. Exactly what more it means is unclear. While the ALJ's attempt to translate such a limitation into job-related restrictions that fits within a VE's terminology is understandable, doing so risks likely appeal and almost certain reversal.

*Hoeppner v. Berryhill*, 399 F. Supp. 3d 771, 778 (E.D. Wis. 2019). So, for example, in this case, the ALJ had to account for a limitation of "low motivation" that causes problems with maintaining concentration, persistence or pace, opined by Drs. King and Lefevre in the narrative section the MRFCA. As the ALJ noted, however, "low motivation" is "not a vocationally relevant term." (Tr. 1059.) Thus, the ALJ explained that he was limiting Ashenbrenner to "low stress" work to account for his moderate limitations in concentration, persistence, or pace arising from his lack of motivation. (*Id.*) But it is unclear how a "low stress" work environment, defined as one having only occasional decision-making, occasional changes in the work setting, no fast-paced work, and occasional interaction with supervisors (Tr. 1059), accounts for his low motivation.

The ALJ further states that the limitation to a "low stress" job accounts for Ashenbrenner's moderate difficulties in performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances. (*Id.*) Again, it is unclear how a "low stress" job, as defined by the RFC, accounts for his limitations with attendance and scheduling. Further, the ALJ states that he accounts for Ashenbrenner's moderate

9

limitations in completing a normal workday and workweek without interruptions from psychologically based symptoms and in performing at a consistent pace without an unreasonable number and length of rest periods by limiting Ashenbrenner to no fast-paced work. (*Id.*) But the Seventh Circuit is clear that "there is no basis to suggest that eliminating jobs with strict production quotas or a fast pace may serve as a proxy for including a moderate limitation on concentration, persistence, and pace." *DeCamp v. Berryhill*, 916 F.3d 671, 676 (7th Cir. 2019).

Also, although Ashenbrenner does not address this issue in his opening brief, the ALJ also erred in his attempt to account for Ashenbrenner's moderate limitations in social interactions, specifically, his moderate limitation in accepting instructions and responding appropriately to criticism from supervisors. This limitation stems from Ashenbrenner's history of explosive personality disorder and aggressive outbursts. (Tr. 1059.) The ALJ addressed this limitation by limiting Ashenbrenner to only occasional interaction with supervisors. (*Id.*) This limitation, however, addresses the quantity, not the quality of Ashenbrenner's interaction with a supervisor. *See Wartak v. Colvin*, No. 2:14-CV-401-PRC, 2016 WL 880945, at *7 (N.D. Ind. Mar. 8, 2016) (finding that handling instruction and criticism from supervisors goes to the quality of the contact, and limitations such as "occasional contact" addresses the quantity of time spent with the individuals, whereas "superficial contact" addresses the quality of the interactions). While perhaps limiting the amount of time Ashenbrenner interacts with his supervisor may lessen the likelihood of an outburst, this limitation is better addressed through a limitation that addresses the quality of interaction rather than the quantity.

Thus, given the law of this circuit, the ALJ did not properly account for all of Ashenbrenner's moderate limitations found in Section I of the MRFCA form into his RFC or the hypothetical question posed to the VE, as required. *See Mischler v. Berryhill*, 766 Fed. Appx. 369, 376-77 (7th Cir. 2019) ("Because Dr. Rozenfeld's assessment fails to account for all of Mischler's limitations, the ALJ was required to account for them himself—in the hypothetical and RFC."). Accordingly, it is unclear whether Ashenbrenner is capable of performing the jobs that the VE proposed. When the ALJ supplies a deficient basis for the vocational expert to evaluate the claimant's impairments, this error necessarily calls into doubt the vocational expert's ensuing assessment of available jobs. *Crump*, 932 F.3d at 570. For that reason, the ALJ's decision must be remanded.

On remand, if the ALJ gives great weight to the opinion of a state agency psychologists' opinions, then the ALJ must include in the RFC all of Ashenbrenner's limitations found in the MRFCA or explain why he rejects the specific conclusions. Judge Griesbach's statement in *Hoeppner* bears repeating in the hope that the SSA will take notice:

> Absent reconsideration by that court or further review in the Supreme Court, the need for the SSA to change its forms and instructions to its adjudicators is obvious. To continue on this path without such changes will continue to result in reversals at a rate that will only increase the delays in and costs of adjudication.

*Id.* at 779. Thus, the ALJ should take particular note of the law of the Seventh Circuit in addressing Ashenbrenner's limitations on remand.

## CONCLUSION

The ALJ's RFC failed to account fully for Ashenbrenner's limitations in concentration, persistence, or pace in the RFC and hypothetical question posed to the VE. Therefore, the case will be remanded.

11

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the Commissioner's decision is **REVERSED**, and the case is **REMANDED** for further proceedings consistent with this decision pursuant to 42 U.S.C. § 405(g), sentence four.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 18th day of September, 2020.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge